IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. STATEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 07-596-DRH |
| | ) |
| JOSEPH JOHNSON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On August 20, 2007, Plaintiff James E. Staten filed suit in this Court. With his complaint (Doc. 1), Plaintiff filed a motion to proceed in forma pauperis (Doc. 2), a motion to appoint counsel (Doc. 3) and a motion for service of process at Government expense (Doc. 4).

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. Title 28 U.S.C. § 1915(e)(2) requires federal courts to carefully screen the complaints filed by pauper status movants. Pursuant to § 1915(e)(2), this Court must dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claims upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

In reviewing Plaintiff's complaint, this Court bears in mind that it must construe pro se complaints liberally. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Jogi v. Voges,* 425 F.3d 367, 371 (7th Cir. 2005). Even viewing Plaintiff's allegations in this favorable light, the instant action fails to pass muster under § 1915(e)(2) because

it fails to state a claim upon which relief may be granted by this Court.

Plaintiff is confined at the Alton Mental Health facility pursuant to an order issued by a state court finding that Plaintiff was a person subject to involuntary administration of psychotropic medication. *See Staten v. Officer,* No. 3:07CV570-GPM (S.D. Il.). Plaintiff's complaint is largely nonsensical. Additionally, Plaintiff's complaint does not include any specific allegations against defendants Joseph Johnson, Karen Johnson, or Jani-King. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to § 1915(e)(2), the Court **DENIES** Plaintiff's motion to proceed in forma pauperis (Doc. 2) and **DISMISSES** this cause of action, with prejudice. Plaintiff's motion to appoint counsel, (Doc. 3) and his motion for service of process at Government expense (Doc. 4) are **DENIED**. This case is now closed.

**IT IS SO ORDERED.**

This 16th day of October, 2006.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**